The Hartford City Natural Gas and Oil Company v. Love.

No. 14,438.

THE HARTFORD CITY NATURAL GAS AND OIL COMPANY
v. LOVE.

PRACTICE.—*Demurrer to Evidence.*—*Amendment of Complaint Thereafter.*—
In an action for damages for personal injuries, where, after the intro-
duction of the plaintiff's testimony, the defendant demurred thereto, and
the jury was discharged, it was proper for the court to permit the plain-
tiff, after the discharge of the jury, to amend his complaint by alleging
that he had not been guilty of any contributory negligence. If the de-
fendant had, after the amendment, asked permission to withdraw its
demurrer it would have been the duty of the court to have granted its
request, and its refusal would have been error.

DEMURRER TO EVIDENCE.—*Effect of.*—Where a demurrer is addressed to
the evidence all the material facts which the evidence tends to estab-
lish, assisted by all reasonable inferences which a jury might draw from
such evidence, are to be taken in favor of the party against whose evi-
dence the demurrer is addressed.

From the Blackford Circuit Court.

*J. A. Bonham, W. H. Carroll* and *H. Brownlee,* for ap-
pellant.

*A. E. Steele* and *J. A. Kersey,* for appellee.

BERKSHIRE, C. J.—This was an action brought by the ap-
pellee to recover damages because of injuries to the person
of the appellee occasioned by the alleged negligence of the
appellant.

The complaint was in one paragraph, and the answer in
one paragraph—the general denial.

The cause was submitted to a jury; after the evidence of
the appellee had been introduced the appellant demurred
thereto, and the jury was discharged. After the discharge
of the jury the appellee asked and obtained leave of the court
to amend his complaint.

Until the complaint was amended it was clearly bad, as
there was no negative allegation of contributory negligence
to be found therein.

The amendment cured the infirmity.

The appellant objected to the amendment, reserved an exception and filed a bill of exceptions. Its contention is that the amendment came too late ; that after the demurrer was submitted and the jury discharged it was not within the power of the court to allow the amendment. We can not agree with this contention It is in the face of the provisions of the statute (section 396, R. S. 1881).

The amendment did not change the nature of the cause of action ; it simply cured an infirmity because of the omission of a material allegation in the statement of the cause of action alleged, and was in furtherance of justice. It may, with propriety, be contended that but for the said infirmity in the complaint the appellant would not have taken the risk of addressing a demurrer to the evidence, but this contention can not influence our conclusion. If the appellant had, after the amendment, asked permission to withdraw its demurrer, it would have been the duty of the court to have granted its request, and its refusal would have been error.

We have examined the evidence, and recognizing as we do the well-settled rule which prevails in cases where the evidence is demurred to, that all material facts which the evidence tends to establish, assisted by all reasonable inferences which a jury might draw from such evidence, are to be taken in favor of the party against whose evidence the demurrer is addressed, we are not prepared to say that the court erred in overruling the demurrer to the evidence.

We find no error in the record.

Judgment affirmed, with costs.

Filed Oct. 8, 1890.