# DECISIONS

## OF THE

# Supreme Court of Florida

## JUNE TERM, A. D. 1917

H. I. CASON, *Plaintiff in Error,* v. FLORIDA POWER COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed June 7, 1917.

Petition for Rehearing Denied October 18, 1917.

1. The inalienable rights that all men have of acquiring, possessing and protecting property under the constitution, is subject to the implied limitation imposed by the principles of government deduced from the organic law, that human rights and obligations are reciprocal among individuals, and that by due course of law private rights yield to the requirements of the public welfare.

2. All property is owned and used subject to the laws of the land. Under our system of government property may be used as its owner desires within the limitations imposed by law for the protection of the public and private rights of others.

3. Those who own real estate may use it as desired so long as the rights of others are not thereby invaded. And there is no such invasion when the use is authorized by law and is reasonable with reference to the rights of others.

4. Legality and reasonableness in the use of property, as such use affects the public and private rights of others, mark the limitations of the owner's rights.

5. The reasonableness of the use of property by its owner, must of necessity be determined from the facts and circumstances of particular cases as they arise, by the application of appropriate provisions or principles of law and the dictates of mutual or reciprocal justice.

6. Property owned by one party may be so situated and conditioned with reference to the property of another as that the rights of ownership and the uses of such properties are interdependent or correlative. In such cases each owner should so reasonably use his property as not to injure the property rights of others.

7. The property rights relative to the passage of waters that naturally percolate through the land of one owner to and through the land of another owner are correlative; and each land owner is restricted to a reasonable use of his property as it affects subsurface waters passing to or from the land of another.

8. Where a riparian owner by erecting and maintaining a dam across a stream raises the level of the stream so that the flow of percolating waters from the adjoining lands of another owner are obstructed, and because of the dam the waters from the stream percolate through the land of the riparin owner into such adjoining land causing its subsurface waters to rise and remain so near the surface as to injure the land and the improvements and crops thereon, such use by the riparian owner of the land and waters may be unreasonable with reference to the rights of the adjoining land owner, and the party erecting and maintaining the dam may be liable in damages for such injuries to the adjoining property as are proximately caused by the dam; and the questions of unreasonable use and resulting damages should be submitted to the jury upon appropriate instructions, when there is any substantial evidence to sustain the issue.

9. Where there is some substantial evidence tending to prove the issue for the plaintiff, a verdict should not be directed for the defendant.

Cason v. Florida Power Co.—Opinion of Court.

Writ of Error to Circuit Court for Citrus County, W. S. Bullock, Judge.

Judgment reversed.

*John U. Bird,* for Plaintiff in Error.

*Anderson & Anderson,* for Defendant in Error.

WHITFIELD, J.—The amended declaration herein is as follows:

"H. I. Cason, by his attorneys undersigned, sues Florida Power Company, a corporation organized under the laws of the State of Florida, for that the defendant on or about the ...... day of .........., 1910, erected a certain dam in the Withlacoochee River, at a point in said river between the Counties of Citrus and Levy, in the State of Florida, and by means of said dam obstructed the flow of the waters in said river and hindered the waters above said dam from running and flowing at their usual and natural level, as the same of right ought to have done, and otherwise would have done, and by reason thereof the water in said river above the dam was raised above its usual and natural level.

"Plaintiff avers that at the time of the obstruction of said dam and ever since then he was, is and has been the owner of and seized and possessed in fee simple of certain land, said land being situated above the dam and described as follows, to-wit: The east half of the southeast quarter and the southeast quarter of the northeast quarter of Section Seventeen, Township Seventeen, Range Seventeen, all in Citrus County, State of Florida; that by the damming up of the waters of said river, as aforesaid, the natural subterranean drainage of said land was

stopped, obstructed and hindered and the waters of said river so dammed up were caused to percolate into and through the said land of the plaintiff, all of which caused said land to be and remain continually from the month of May, 1912, until the institution of this suit, saturated with water and so wet as to render same totally unfit for cultivation or any useful purpose; and that same has been rendered permanently a total loss to the plaintiff; that plaintiff at the time of the construction of the said dam and at the time said land became saturated with water, as aforesaid, was cultivating and using thirty-three acres of said land as a farm, had fenced and cleared thirty-three acres of the same and erected thereon the following improvements, to-wit:

"One dwelling house and kitchen of the value of. $400.00
"One barn 12x16, two stories ..................   50.00
"One sugar house of the value of ..............   50.00
"One smoke house of the value of ..............   50.00
"One stable hay loft of the value of ...........   50.00
"One tenant house 18x22 of the value of ........   25.00
"800 rods of American & Elwood wire fence of
      the value of ............................. 195.00
"Rail fence 1500 rails .........................   15.00
"8 bearing orange trees of the value of ......... 200.00

"Plaintiff avers that at the time said land became saturated with water as aforesaid, he had a growing crop on said land consisting of 10 acres of corn, 13 acres of peanuts, 1¼ acres of sugar cane, 1 1-10 acres of sweet potatoes, 6 acres of velvet ebans, 5½ acres of peas, vegetable garden, hay and pasture, all of the value of $1,000.00; that by reason of the erection of said dam and the damming up of the waters of said river as aforesaid, said land and the improvements thereon have been damaged in the amount of $10,000; that the plaintiff by reason of same

has sustained damage to the growing crop aforesaid, in the sum of $15,000.00.

"Wherefore, plaintiff sues and claims $15,000.00 damages."

A demurrer to this declaration was overruled. Trial was had on the plea of not guilty and several special pleas, among the latter being the following:

"SECOND AMENDED ADDITIONAL PLEA.

"That the dam so constructed by the defendant was built under lawful authority duly granted to the defendant by the United States of America, and that the defendant at the time the said water was raised above its natural level and ever since was, has been and now is, the owner and in possession of the land overflowed and covered by the waters of the said river, by reason of the construction of said dam, using the same only in a lawful and reasonable manner. Wherefore this defendant is not liable to the plaintiff for the injury alleged."

After testimony was adduced by the parties the court directed a verdict for the defendant on which a judgment was rendered for the defendant, and the plaintiff took writ of error.

In substance the more material allegations of the declaration are that the defendant by damming up the waters of the Withlacoochee River stopped, obstructed and hindered the natural subterranean drainage of plaintiff's land, and the waters so dammed up were caused to percolate into and through plaintiff's land, all of which caused the land to be and remain continually saturated with water, and so wet as to render it totally unfit for cultivation or any useful purpose, and rendered permanently a total loss to the plaintiff; that by reason of the dam the land of plaintiff and the improvements and the

growing crops thereon have been damaged in stated amounts.

The evidence does not show that because of the dam affecting the percolating waters the plaintiff's land is totally unfit for cultivation or any useful purpose, or is a total loss to the plaintiff. But under the allegations of the declaration it may be shown, and there is at least some evidence tending to show, that the dam by raising the level of the water in the river, obstructed the flow of percolating waters from the plaintiff's land and caused the water to percolate through defendant's riparian land and into the plaintiff's land below the surface, thus raising the subsurface water in plaintiff's land nearer the surface than before the dam was built, thereby causing damages to the plaintiff's land and to the improvements and growing crops thereon. If the allegations of damage to the land and to the improvements and crops thereon state a cause of action, and the evidence tends to show damage as alleged, there was harmful error in directing a verdict for the defendant.

The inalienable rights that all men have of acquiring, possessing and protecting property under the constitution, is subject to the implied limitation imposed by the principles of government deduced from the organic law, that human rights and obligations are reciprocal among individuals, and that by due course of law private rights yield to the requirements of the public welfare.

All property is owned and used subject to the laws of the land. Under our system of government property may be used as its owner desires within the limitations imposed by law for the protection of the public and private rights of others. Those who own real estate may use it as desired so long as the rights of others are not thereby invaded. And there is no such invasion when the use is

authorized by law and is reasonable with reference to the rights of others. Legality and reasonableness in the use of property, as such use affects the public and private rights of others, mark the limitations of the owner's rights. The reasonableness of the use of property by its owner, must of necessity be determined from the facts and circumstances of particular cases as they arise, by the application of appropriate provisions or principles of law and the dictates of mutual or reciprocal justice.

Property owned by one party may be so situated and conditioned with reference to the property of another as that the rights of ownership and the uses of such properties are interdependent or correlative. In such cases each owner should so reasonably use his property as not to injure the property rights of others.

The property rights relative to the passage of waters that naturally percolate through the land of one owner to and through the land of another owner are correlative; and each land owner is restricted to a reasonable use of his property as it affects subsurface waters passing to or from the land of another.

Where a riparian owner by erecting and maintaining a dam across a stream raises the level of the stream so that the flow of percolating waters from the adjoining lands of another owner are obstructed, and because of the dam the waters from the stream percolate through the land of the riparian owner into such adjoining land causing its subsurface waters to rise and remain so near the surface as to injure the land and the improvements and crops thereon, such use by the riparian owner of the land and waters may be unreasonable with reference to the rights of the adjoining land owner, and the party erecting and maintaining the dam may be liable in damages for such injuries to the adjoining property as are proxi-

mately caused by the dam; and the questions of unreasonable use and resulting damages should be submitted to the jury upon appropriate instructions, when there is any substantial evidence to sustain the issue. See Moore v. Berlin Mills Co., 74 N. H. 305, 67 Atl. Rep. 578; Meeker v. City of East Orange, 77 N. J. L. 623, 74 Atl. Rep. 379, 25 L. R. A. (N. S.) 465; Straus v. American Publishers' Ann'n, 231 U. S. 222, 34 Sup. Ct. Rep. 84, Ann. Cas. 1915A, 369; Pexley v. Clark, 35 N. Y. 520.

The averments of the special plea above quoted, that the dam was built under authority granted by the United States government and that the defendant is a riparian owner of the land, "using the same only in a lawful and reasonable manner," do not state a defense. Authority to erect the dam does not justify an unreasonable use of the property as it affects the rights of others; and the averment that the land of the defendant is being used "only in a lawful and reasonable manner," states a mere conclusion not supported by any averment of facts.

As there is at least some substantial evidence tending to show injury to the plaintiff's land, and to the growing crops thereon, by the raising of the subsurface waters much nearer the surface which is caused by the dam, the court erred in directing a verdict for the defendant. See Nelson v. Hall, 73 Fla. 810, 74 South. Rep. 877; Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 South. Rep. 975; Haile v. Mason Hotel & Inv. Co., 71 Fla. 469, 71 South. Rep. 540; Glass v. Virginia-Carolina Chem. Co., 73 Fla. 873, 74 South Rep. 981.

Under the general issue the questions as to whether the erection and maintenance of the dam across the river was a reasonable use by the defendant of its property, and whether the dam proximately caused the percolating waters under the surface of the plaintiff's land to rise

and injure the land and the growing crops thereon as alleged, should have been submitted to the jury with appropriate instructions. The verdict rendered may be reviewed by the trial court. See Carney v. Stringfellow, 73 Fla. 700, 74 South Rep. 866.

Judgment reversed.

All concur.

ELLIS, J., *Concurring.*—The trial judge directed the jury to find a verdict for the defendant. The declaration alleged that the plaintiff's land was located near a river; that the defendant built a dam in the river below plaintiff's land which obstructed the flow of the waters to such an extent that the water level in the river opposite the plaintiff's land was raised, which prevented the natural subterranean drainage of the plaintiff's land and the waters from the river percolating and seeping through the ground have saturated the plaintiff's land so that it is unfit for cultivation or for any useful purpose, and the same has been rendered a total loss to the plaintiff. A demurrer to the declaration was overruled. There was a plea of not guilty and that the injury resulted from natural causes beyond defendant's control; that the plaintiff's injury was due to his own neglect and that no damage was sustained by reason of the defendant's acts. A "second amended additional plea" averred that the dam was constructed under lawful authority granted to defendant by the United States government; that the defendant is and at the time the water was raised in the river was the owner of the land overflowed and covered by the waters of the river, and that the defendant is using the same in a lawful and reasonable manner. There was a

motion to strike this plea which was denied, whereupon the plaintiff joined issue upon the pleas and went to trial. This action of the court is made the basis of the second assignment of error.

The plea differed from a former plea which was held to be bad on demurrer only in the averment that the defendant was the owner of the land overflowed and covered by the waters of the river. Now the plea presented the following points urged in avoidance of the liability for the injury which the plaintiff alleged had occurred; First, the dam was built under authority from the Federal Government; second, the lands overflowed and covered by the (impounded) waters of the river belonged to the defendant, and, third, that the defendant was "using the same (waters) only in a lawful and reasonable manner."

The third statement is clearly a conclusion of law, and by no means follows as a consequence of the first statement. Because it cannot be contended that the Federal Government by permitting one to construct a dam in a navigable waterway thereby absolves the favored one from all liability for injury resulting from the saturation and overflow of another's land lying adjacent. The defendant may defend his position upon the doctrine of "reasonable user," but such defense must consist of averments of fact showing a reasonable user, and not conclusions of law. What in any case is a reasonable use is ordinarily a mixed question of law and fact to be submitted to the jury under proper instruction from the court. Bassett v. Salisbury Mfg. Co., 43 N. H. 569; Meeker v. City of East Orange, 77 N. J. L. 623, 74 Atl. Rep. 379, 25 L. R. A. (N. S.) 465.

The second statement constitutes no defense whatever if the doctrine of "reasonable user" obtains in this State instead of the English rule of absolute ownership. The question presented by this case has not been settled by

any adjudication in this court. The case of Tampa Water-works Co. v. Cline, 37 Fla. 586, 20 South. Rep. 780, dealt with a well defined subterranean stream and the maxim *"sic utere tuo ut non alienum laedas"* was held to apply. The declaration in this case is so framed that the defendant is charged, first, with obstructing the natural subterranean drainage of the plaintiff's land, and, second, with causing the pent up waters of the river to percolate or seep into and through the plaintiff's land, in either case causing the land to become saturated with water and unfit for cultivation. The plaintiff was not a riparian owner, his land was not bounded upon the stream, he therefore could not call in question the defendant's right to overflow the whole surface of its land up to its line, provided the water did not flow upon or soak into the plaintiff's land, but the declaration alleged that is what happened; the plea, therefore, was no defense.

As to that phase of the declaration which complains in substance that the plaintiff's land drained into and through the defendant's land adjoining and thence to the river, and that the defendant by damming the waters of the river obstructed the percolation of the surface waters, the plea is utterly inapplicable and constitutes no defense, because it admits in the second statement the very thing which constitutes the plaintiff's cause of action, *viz*, the stopping or obstructing the flow of subsurface waters on the plaintiff's land, which percolated in subsurface streams and veins through the defendant's land to the river, by overflowing or covering its land with water to such a height as to prevent the natural drainage of the plaintiff's land by percolation. Under the doctrine of correlative rights to the control of subsurface waters and the doctrine of reasonable user, the defendant had no right to set back the percolating waters upon the plaintiff's land, (See

Meeker v. City of East Orange, *supra;* Bassett v. Salisbury Mfg. Co., *supra.*) unless the use to which the defendant was putting his own land was reasonable; while a cause of action is clearly stated in so far as the declaration alleges that the pent up waters of the river on the defendant's land soaked into and upon the plaintiff's land injuring it as alleged. Under this view of the case the declaration was duplicitous. No objection however was made to it upon this ground.

Now as I view the evidence there is enough to support a verdict for the plaintiff upon either theory of the case made by the declaration, while the "second amended additional plea" presented no defense, and tendered only immaterial issues and should have been stricken upon the plaintiff's motion. See Hubbard v. Anderson, 50 Fla. 219, 39 South. Rep. 107. There was evidence to support the plea and none to contradict it. Assuming as the court did that the plea was good, he directed a verdict. I think this was error. The jury should have been permitted under proper instructions from the court to determine whether the undersurface streams or veins in plaintiff's land had been obstructed by an unreasonable use by defendant of its land so as to injure the plaintiff, or whether the waters pent up on the defendant's land soaked into the plaintiff's land injuring it as alleged.