AIR TERMINAL PROPERTIES, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Queens County, November 13, 1939.

*Ginsburg & Pigott* [*Isidor Ginsburg* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel,* for the defendant.

FROESSEL, J. Motion for reargument, etc. The original denial of the motion for a temporary injunction was not upon the merits but was made virtually by consent upon the oral stipulation in open court by the corporation counsel that no poles would be erected in Seventy-seventh street, which was the immediate issue at the time. The superintendent of highways of Queens, in his answering affidavit on this motion, states that the corporation counsel has advised against erecting poles or stakes and he will abide by such advice. It appears, however, that the city authorities now propose to plant trees in this street. That branch of the motion which asks for reargument will be granted.

The question thus presented on this application is whether the city authorities should be restrained by way of a temporary injunction from planting trees in Seventy-seventh street, which was legally opened some time ago. Counsel for plaintiff were asked, upon the argument, to submit authorities for their contention, and they have been unable to do so. They simply claim that the city's action is for a spiteful purpose, and urge that they have a right to cross this legally opened street with their airplanes unobstructed by trees or anything else. The city denies any such intent, and, aside from its claim that it is acting entirely within its legal rights, points out that numerous residents of the neighborhood, individually and as a group, support its action.

I cannot conclude from this application that the planting of trees is in any way unlawful or justifies the granting on affidavits of a temporary injunction against a governmental agency or .its constituted officials.  Most certainly there is no clear right to such drastic relief.  On the contrary, it has been expressly held that the planting of shade trees is authorized and serves a useful public purpose.  (*Dougherty* v. *Village of Horseheads*, 159 N. Y. 154, 159.)

Moreover, as plaintiff's president frankly admits in his reply affidavit, the improvement of Seventy-seventh street would not result in the discontinuance of the airport.  " There would still be available to ' Holmes Airport ' upwards of one hundred twenty-eight acres which could be used and would be used for such activities."

Under the circumstances the application for a temporary injunction is denied and the stay in the order to show cause is vacated. Submit order.