MAYFLOWER HOLDING COMPANY, INC., v. STANLEY C. WARRICK and SAM-DAN CATERING CORPORATION.

196 So. 428
Division B
Opinion Filed May 21, 1940

*J. Stockton Bryan* and *J. Luther Drew,* for Appellant; *Kearley & Chapman* and *J. S. White,* for Appellees.

CHAPMAN, J.—On February 24, 1934, plaintiff filed in

the Circuit Court of Palm Beach County, Florida, against the defendants a bill of complaint alleging that it was the owner of the Mayflower Hotel located in the town of Palm Beach, Florida, which represented an investment of $1,100,000.00; that the hotel contained 250 rooms, 79 thereof having a southern exposure fronting Everglades Avenue; that the Mayflower Hotel was constructed during the year 1925, is classified as a tourist hotel and has operated each Winter since its erection.

The defendant, Stanley C. Warrick, is the owner of property located across Everglades Avenue from the Mayflower Hotel and said property is operated by Sam-Dan Catering Corporation as a night club or dance hall known in the community as the Colony Club. It is operated nightly during the Winter season until the early hours of the morning and the same is attended nightly by large crowds consisting of several hundred people. It is alleged that a nuisance exists at the Colony Club because of facts, viz.: Loud music, laughing, dancing, clapping of hands, talking, moving of chairs and tables, the rattling of dishes, the use of loud speakers, and the starting of automobiles permitted or allowed by the defendants from 12:00 o'clock midnight until 4:00 or 5:00 o'clock in the morning, and it is alleged that these noises interfere with and disturb the rest of guests of the Mayflower Hotel occupying the rooms directly across Everglades Avenue and results in a loss of approximately $15,000.00 a season as the guests of the hotel refuse or decline to occupy said rooms because of the noise permitted or allowed by the Colony Club during said hours, which continues seven nights a week during the tourist season.

The prayer of the bill seeks to restrain the defendants from permitting or allowing in the operation of its entertainment

loud music, laughing, clapping of hands, talking, dancing, use of loud speaker, applause, moving of chairs, tables and dishes, which create a noise that interferes with the sleep or rest of the guests of the Mayflower Hotel in the early morning hours. The property involved is zoned by ordinance as a business district.

An application was made to the lower court on bill of complaint as amended for a restraining order and submitted proof and evidence in support of the material allegations of the bill, and the temporary restraining order was by the lower court denied.

An answer was filed by the defendant denying many of the material allegations of the bill of complaint, and upon the issues tendered, additional testimony was taken and on the 27th day of July, 1939, the bill of complaint was dismissed without prejudice. From said order of dismissal an appeal has been perfected to this Court.

The lower court, from the evidence adduced, held that the Colony Club as operated and maintained by defendants was a nuisance, but was of the opinion that the injuries inflicted on the plaintiff in losses sustained to its hotel business could be fully compensated for when the correct amount was determined. The testimony is to the effect that the plaintiff in its hotel business sustained a gross loss of approximately $15,000.00. There is but little, if any, testimony contradictory to these losses or the amount thereof. The defendants admitted the operation of the night club but contended that if the noise was abated it would result in a heavy financial loss. Evidence was offered to show other roomers in the hotel were not disturbed by the operation of the night club. Several guests of the Mayflower occupying rooms of the hotel located next to the night club and across Everglades Avenue testified that it was impossible

to sleep or rest because of the noises coming from the operation of the night club, which continued until 4:00 or 5:00 o'clock in the morning. The operation of this night club resulted in a loss to the plaintiff in that guests of the hotel refused or declined to occupy rooms on the south side thereof next to the night club.

In the case of Mercer v. Keynton, 121 Fla. 87, 163 So. 411, this Court said:

"An owner or occupant of property must use it in a way that will not be a nuisance to other owners and occupants in the same community. Anything which annoys or disturbs one in the free use, possession, or enjoyment of his property or which renders its ordinary use or occupation physically uncomfortable may become a nuisance and may be restrained. Henderson v. Sullivan, 159 Fed. 46; Bohan v. Port Jarvis Gas-Light Co., 122 N. Y. 18, 25 N. E. 346; Huddleston v. Burnett, 172 Ark. 216, 287 S. W. 1013; Wright v. Lyons, 224 Mass. 167, 112 N. E. 876; Pendergast v. Walls, 257 Pa. 547, 101 Atl. 826; State ex rel. National Oil Works of La. v. McShane, 159 La. 723, 106 So. 252." See Bartlett v. Moats, 120 Fla. 61, 162 So. 477; 46 Corpus Juris 681-3, pars. 53, 55, 56, 58; Emmunds v. Duff, 280 Pa. 355, 124 Atl. 489, 33 A. L. R. 719; Stodder v. Rosen Talking Machine Co., 241 Mass. 245, 135 N. E. 251, 22 A. L. R. 1197.

The evidence shows that but little, if any, losses will accrue to the plaintiff and its said property provided the nuisance complained of and fully described in the record is abated around 1:00 o'clock A. M.. The testimony shows a loss to the property of the plaintiff superinduced by the defendants in the operation of their business in a total disregard of the lawful rights of the said plaintiff.

The order dismissing the bill of complaint is hereby re-

versed for further proceedings in the lower court not in-consistent with this opinion.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not partici-pating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.