52 So.2d 682 (1951)
REAVER et al.
v.
MARTIN THEATRES OF FLORIDA, Inc.
Supreme Court of Florida, Division B.
May 29, 1951.
*683 Joseph E. Price, Jr., Warren L. Fitzpatrick and Isler & Welch, all of Panama City, for appellant.
Thomas Sale, Panama City, for appellee.
ROBERTS, Justice.
The plaintiff-appellant has owned and operated a small private airport in the City of Panama City for four years. The defendant-appellee recently purchased a tract of land north of plaintiff's airport, a portion of which (some 160 feet) is contiguous to the northern terminus of plaintiff's landing strip, for the purpose of constructing a drive-in theatre. Upon learning of defendant's intention, the plaintiff filed suit to enjoin the defendant from constructing the theatre, on the ground that it would constitute a nuisance and hazard to the plaintiff and to the public generally. The defendant answered, alleging that the operation of a drive-in theatre was a legitimate use of its property, that its proposed construction would not violate any of the regulations of the Civil Aeronautics Administration respecting hazards near an airport, and that there already existed hazards, in the form of light poles, power lines, and a fire tower, which were at least as hazardous as the construction proposed for the drive-in theatre. Trial was had before the Court, and final decree was entered in favor of defendant, from which plaintiff has appealed.
The general question of whether or not the owner of an airport can enjoin an adjoining landowner from using his property in a manner hazardous to the operation of the airport, but which use would not be hazardous to the operation of any other business, has not heretofore been presented to this court.
Under the familiar maxim "Sic utere tuo ut alienum non laedas," it is well settled that a property owner may put his own property to any reasonable and lawful use, so long as he does not thereby deprive the adjoining landowner of any right of enjoyment of his property which is recognized and protected by law, and so long as his use is not such a one as the law will pronounce a nuisance. 39 Am.Jur., Nuisances, Sec. 16, p. 296; 1 Am.Jur., Adjoining Landowners, Sec. 3, p. 505; Cason v. Florida Power Company, 74 Fla. 1, 76 So. 535, L.R.A. 1918A, 1034. The "reasonableness" of such use must be determined according to the circumstances of each case, and in accordance with established legal and equitable principles. Cason v. Florida Power Co., supra.
The operation of a drive-in theatre is not, per se, a nuisance; it is as legal a use of his premises by the defendant as is the operation of an airport by the plaintiff. There is no physical invasion of the plaintiff's premises by the defendant. In fact, the "invasion", if any, is of the defendant's premises by the plaintiff, although it appears to be established that the operator of an airplane is "privileged" to enter the airspace above land in the possession of another, so long as he does so in a reasonable manner, at such a height as is in conformity with legislative requirements, and without interfering unreasonably with the possessor's enjoyment of the surface of the earth and the airspace above it. See Restatement of Torts, Vol. 1, Section 194; also, Comment f of Section 159, ibid.
Counsel for plaintiff has cited no case, and our independent research has revealed none, where the "privilege" of an airplane to invade the airspace above land in the possession of another has been *684 held superior to the lawful and reasonable use of such airspace by the owner of the land. It appears that their rights are generally held to be co-equal, with the balance, if any, in favor of the landowner.
Thus, in Guith v. Consumers Power Co., D.C., 36 F. Supp. 21, 23, in which the operators of an airport sought to enjoin the defendant from erecting an electric transmission line consisting of pole structures and wires, and in which such relief was denied, the court said; "The coming of the airplane has not taken away any of the rights of the landowner to the use and enjoyment of his land and the air space above it. The privilege or right of airplanes to fly through the air space recognized by the common law and in the statutory law of Michigan is limited to that portion of the air space which the landowner does not need or want and the use of which does not interfere with the use, occupation or enjoyment of the land or the air space above it by the landowner." And in Smith v. New England Aircraft Co., 270 Mass. 511, 528, 170 N.E. 385, 392, 69 A.L.R. 300, it was stated that "Aerial navigation, important as it may be, has no inherent superiority over the landowner where their rights and claims are in actual conflict." See also Air Terminal Properties v. City of New York, 172 Misc. 945, 16 N.Y.S.2d 629, where the court denied an injunction seeking to restrain the planting of trees on a city street adjacent to the plaintiff's airport on the ground that the trees would interfere to some extent with the operation of the airport; and Capitol Airways v. Indianapolis Power & Light Co., 215 Ind. 462, 18 N.E.2d 776, in which the owner of an airport was denied the right to recover damages for the alleged interference with and destruction of his established business caused by the defendant's constructing a power line, consisting of steel towers about 90 feet in height and electric wires, along the boundary of the airport.
While the placing of obstructions near the property line of an airport solely for the purpose of harassing the owner thereof, and without relation to any reasonable use which the adjoining landowner might wish to make of his property, might well be held to be a nuisance, that is not the case here. It is unquestioned that the defendant intends to use its premises for a drive-in theatre, which is a legitimate business, and one which is permitted in that area of Panama City where the defendant intends to operate it.
Moreover, aside from the legal question involved, this case also presented questions of fact, which could properly have been resolved against the plaintiff. There was ample evidence to prove that the construction of a screen by defendant would not measurably add to the hazards which already existed; that the lights to be used by defendant in operating its theatre would not unreasonably interfere with the operation of the airport by plaintiff; and that the traffic problem created by the ingress and egress of patrons of the theatre would not constitute a public nuisance.
No error having been made to appear, the final decree of dismissal should be and it is hereby
Affirmed.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.