56 So.2d 916 (1951)
McCLOSKY
v.
MARTIN et al.
Supreme Court of Florida, Special Division A.
December 4, 1951.
Rehearing Denied January 8, 1952.
*917 Warren O. Windle, Fort Lauderdale, for appellant.
J. Luther Drew, Palm Beach, for appellees.
DICKINSON, Associate Justice.
The plaintiffs below, appellees here, instituted suit in the lower court against the defendants below, appellants here, alleging that they were tenants of certain property in Palm Beach County, Florida, leased to them for the purpose of operating a restaurant; that the defendants, as their landlords by reason of a subsequent lease of the whole tract of land of which plaintiffs' leased portion was a part, had erected on adjoining property a certain large sign, thereby cutting off the view of the restaurant building and its advertising signs from persons using the highway; that the sign had been erected out of spite and solely for the purpose of damaging their business and had actually damaged their business materially. They sought an injunction against the maintenance of this sign and a mandatory injunction seeking its removal so that it would not interfere with the public view of the plaintiffs' restaurant and its advertising signs, and thus not cause further damage to their business.
The defendants filed an answer denying in substance all of the material allegations of plaintiffs' Complaint. The lower court took testimony in the case and entered a final decree wherein he found from the evidence that the large sign erected by the defendants had caused substantial damage to the restaurant business conducted by the plaintiffs, but he also found that it would be inequitable to require the sign to be destroyed or removed. In lieu of this relief, he ordered an abatement of the rent prescribed and entered judgment for the amount of such abatement for the number of months past during which the sign had been in existence and ordered a further abatement of rent for so long a period of time as the sign remained in its present location.
Appellants appealed to this Court relying completely and solely, as they say, upon a question of law and that is, whether or not an adjoining property owner may use his property in any way he sees fit, regardless of whether he be a landlord of the tenant of the adjoining property or not, and regardless of whether such use may be or become a nuisance to the adjoining owner or not, in other words, whether or not one property owner had a right of *918 view to a highway over an adjoining property.
Absent any inconsistent express covenants to the contrary, every lease carries an implied covenant of peaceable and quiet enjoyment. See Hankins v. Smith, 103 Fla. 892, 138 So. 494.
The theory upon which this case apparently was brought in the lower court and upon which the Chancellor entered his decree was that an adjoining property owner, maintaining a nuisance on his property so as to impair the use of the adjoining property owner, the maintenance of which nuisance would and did cause damage to the business or freehold of the adjoining property owner, would be held answerable in damages for the maintenance of such nuisance.
As we held in Reaver v. Martin Theatres of Florida, Inc., Fla., 52 So.2d 682, 683: "it is well settled that a property owner may put his own property to any reasonable and lawful use, so long as he does not thereby deprive the adjoining landowner of any right of enjoyment of his property which is recognized and protected by law, and so long as his use is not such a one as the law will pronounce a nuisance. * * * The `reasonableness' of such use must be determined according to the circumstances of each case, and in accordance with established legal and equitable principles".
The erection and maintenance of a large advertising sign is not per se a nuisance, but under certain circumstances it may become one, and could well be one when it seriously affects the rights and business of the adjoining property owner, it having been erected for that purpose.
An adjoining property owner cannot maintain a condition that may be or become a nuisance on his property which is injurious to the business or property rights of an adjacent landowner and not be answerable in damages for the maintenance of such nuisance, especially if that adjoining property owner be his landlord.
A nuisance is an injury to the possession and creates a right of action in favor of the occupant so that the owner of the land in possession of his tenant is liable to the latter for a nuisance erected by the owner on adjacent land which injuriously affects the tenant's leasehold interest. See Thompson on Real Property, Permanent Edition, Vol. 4, Section 1577, page 60.
There is no question here presented of an easement for light and air or even of view over adjacent premises.
Thus, whether or not the erection and maintenance of this large advertising sign was a nuisance in this case was a question of law and fact. The Chancellor found that such did in effect constitute a nuisance and did materially affect the plaintiffs' business. Not having been favored with a transcript of the testimony taken in the lower court, we must of necessity assume that the essential allegations of the Bill of Complaint were proved by competent testimony.
The Chancellor having resolved the facts in favor of the plaintiffs below, the appellees here, and having properly applied the law to the facts, the judgment of the lower court is affirmed.
TERRELL, Acting Chief Justice, and ROBERTS and MATHEWS, JJ., concur.