PEARSON, Judge.
The appellant brought an action for injunctive relief. The amended complaint charged that the defendants were using their premises so as to constitute a private nuisance, in that a manufacturing plant located thereon continually emitted dense quantities of paint spray and particles of liquid paint, which fell on plaintiff’s adjacent real property causing plaintiff irreparable injury. It was further alleged that the wet paint spray rendered part of plaintiff’s premises unfit for the use to which it had previously been put, that is as a parking lot, thereby impairing the operation of plaintiff’s business of which the parking lot was a part. This complaint was dismissed with prejudice and without leave to amend.
The point for determination is whether the complaint sets forth a cause of action for injunctive relief by a sufficient allegation of facts, which if proved, would establish the operation conducted by the defendants to be a nuisance. We hold that the amended complaint states a cause of action and that therefore the cause should not have been dismissed. It is important to recognize that we are dealing with a pleading and therefore will not judge the probability or the degree of the effect of the ultimate facts pleaded.
However, the appellee points out that there is no allegation that the use which the defendants make of their property is a violation of any statute or zoning regulation. An unlawful use is not essential to the existence of an actionable nuisance. A lawful business may be conducted in such an unreasonable manner, that as a result thereof, a neighbor is deprived of the free use or enjoyment of his adjoining property. See Mayflower Holding Co. v. Warrick, 143 Fla. 125, 196 So. 428.
The appellees urge that the complaint was properly dismissed because of the decision of the Supreme Court of Florida in the case of Page v. Niagara Chemical Division, etc., Fla.1953, 68 So.2d 382. By that opinion the court affirmed a final decree dismissing an amended complaint for in-junctive relief. The complaint was brought *742 by twenty employees of a railroad company, who alleged that the defendant operated its plant adjacent to the yard in which the plaintiffs were employed, and that the defendant operated its business in such a manner that chemical dust and gases were allowed to escape and injure the plaintiffs in their place of chosen employment. The Supreme Court held that the dismissal was proper because the plaintiffs owned no interest in the real property affected. This decison could be applicable only if it were true, as the appellees state, that the plaintiff in the instant case is actually not a party in interest and is acting solely for its own employees. But this defense requires the determination of the facts upon which it rests, and such a determination could not be made upon a motion to dismiss, which admits all facts well pleaded. Connolly v. Sebeco, Inc., Fla.1956, 89 So.2d 482.
We are also cognizant of the fact that in an industrial area a reasonable use of property often places some burden upon the property of one’s neighbor, and that these burdens must be considered carefully in the light of the circumstances presented in order to determine the reasonableness of the particular use. Beckman v. Marshall, Fla.1956, 85 So.2d 552. The reasonableness of each use must be determined from the circumstances of each case. Reaver v. Martin Theatres of Florida, Fla.1951, 52 So.2d 682; McClosky v. Martin, Fla.1951, 56 So.2d 916. It will be noted that in each of the three cases above cited the determination was made upon the basis of the testimony taken. Inasmuch as it does not affirmatively appear from the amended complaint that the use of the defendants’ premises was so reasonable under the circumstances that a nuisance could not have existed, if the allegations of the complaint are proved, the complaint should not have been dismissed.
Reversed and remanded.
CARROLL, CHAS., C. J., and HORTON J., concur.