145 So.2d 299 (1962)
Linton LEE and His Wife, Nadine J. Lee, Appellants,
v.
FLORIDA PUBLIC UTILITIES COMPANY, a Florida Corporation, Appellee.
No. D-245.
District Court of Appeal of Florida. First District.
September 20, 1962.
*300 Albin C. Thompson, Jr., Fernandina Beach, for appellants.
Mathews, Osborne & Ehrlich, Jacksonville, for appellee.
WIGGINTON, Judge.
This appeal is from a final judgment based upon a verdict directed by the court in favor of defendant at the conclusion of plaintiffs' evidence. Several errors have been assigned but we shall discuss only those necessary for a proper disposition of this appeal.
Plaintiffs' action is at law for recovery of damages suffered as a result of a private nuisance alleged to have been created and now maintained by defendant. The evidence, when considered in a light most favorable to plaintiff, reveals the following factual situation.
Plaintiffs own and operate a fuel oil business in a building which also includes their home. This property is located in a section of Fernandina devoted essentially to commercial enterprises. Located within the area adjacent or in close proximity to plaintiffs' property is a lumber yard, an ice plant, a plumbing shop, an upholstery business and the electrical generating plant owned by defendant. Although not zoned as such, the area may properly be characterized as commercial or industrial.
Plaintiffs have lived upon and operated their business at its present location for a period of approximately eight years. During this time defendant has operated its electrical generating plant in a large building located on property adjacent to that owned by plaintiffs. This plant generates electricity which supplies the community of Fernandina. Although the generating units located within the building owned by defendant created a certain amount of noise, they have never become particularly objectionable to those living and maintaining businesses in that area. The generating units are powered by diesel fuel, the fumes from which are emitted from a tall chimney or smoke stack of sufficient height to carry them off into the atmosphere, and have never proved offensive.
Commencing approximately three years prior to the filing of this action defendant installed on a spur railroad track located between its plant and plaintiffs' property three railroad boxcars, each containing an electrical generating unit operated by diesel fuel. Since their installation these units have been operated on a constant twenty-four hour a day basis. The fumes from the fuel used to power these units are emitted from openings in the top of the boxcars through relatively short smoke stacks. The noise resulting from the operation of these mobile units is so intense that plaintiff is unable to transact business with his customers in a normal fashion, for in order to communicate it is necessary that they shout at each other in order to be heard. The noise is so loud that plaintiff and his *301 family are unable to sleep at nights, which condition has had an adverse effect upon their health. At certain periods of day and night the odors from the fumes exhausted by the mobile units become extremely strong and highly noxious. The operation of the generating units causes the surrounding land to vibrate in such a marked degree as to shake the springs of the beds on which plaintiff and his family sleep, as well as rattle the windows in the house and the dishes in the cupboard. Plaintiffs complained to defendant concerning the foregoing conditions created by its operation of the mobile generating units, and was told that steps would be taken to minimize the noise, vibration and odors resulting therefrom. Despite such request the conditions above enumerated have continued uninterruptedly.
It is appellants' position that under the applicable principles of law relating to the creation and maintenance of a private nuisance, the foregoing facts are sufficient to establish at least a prima facie case entitling plaintiff to no less than nominal damages. It is appellee's position that this evidence fails to make out a prima facie case of unreasonable use of its property on the one hand, or unreasonable harm to plaintiffs on the other, and hence entitled appellee to the directed verdict on which is based the judgment appealed.
It appears to be well settled that if one voluntarily elects to live in an industrial area, he cannot complain of noise, noxious odors or any other unpleasant factors that may arise from the normal operation of businesses in the area merely because they may interfere with his personal satisfaction or aesthetic enjoyment. It is said that no one can move into an area given over to foundries and boiler shops and demand the quiet of a farm.[1]
The test to be applied in determining whether one operating a business in an industrial area is guilty of maintaining an actionable nuisance is the rule of reasonableness. As said by the Supreme Court of Florida in the Cason case, "All property is owned and used subject to the laws of the land. Under our system of government property may be used as its owner desires within the limitations imposed by law for the protection of the public and private rights of others. Those who own real estate may use it as desired so long as the rights of others are not thereby invaded. And there is no such invasion when the use is authorized by law and is reasonable with reference to the rights of others. Legality and reasonableness in the use of property, as such use affects the public and private rights of others, mark the limitations of the owner's rights. The reasonableness of the use of property by its owner must of necessity be determined from the facts and circumstances of particular cases as they arise, by the application of appropriate provisions or principles of law and the dictates of mutual or reciprocal justice. Property owned by one party may be so situated and conditioned with reference to the property of another as that the rights of ownership and the uses of such properties are interdependent or correlative. In such cases each owner should so reasonably use his property as not to injure the property rights of others."[2]
In Beckman, the Supreme Court quoted with approval from Antonik v. Chamberlain, 81 Ohio App. 465, 78 N.E.2d 752, 758, as follows: "`The test of the permissible use of one's own land is not whether the use or the act causes injury to his neighbor's property, or that the injury was the natural consequence, or that the act is in the nature of a nuisance, but the inquiry is, Was the act or use a reasonable exercise of the dominion which the owner of property has by virtue of his ownership over his property? having regard to all interests affected, his own and those of his *302 neighbors, and having in view, also, public policy.' * * *"[3]
In emphasizing the test of reasonableness the Third District Court of Appeal in the Barfield Instrument Corporation case, said: "A lawful business may be conducted in such an unreasonable manner, that as a result thereof, a neighbor is deprived of the free use or enjoyment of his adjoining property. * * * We are also cognizant of the fact that in an industrial area a reasonable use of property often places some burden upon the property of one's neighbor, and that these burdens must be considered carefully in the light of the circumstances presented in order to determine the reasonableness of the particular use. Beckman v. Marshall, Fla. 1956, 85 So.2d 552. The reasonableness of each use must be determined from the circumstances of each case. Reaver v. Martin Theatres of Florida, Fla. 1951, 52 So.2d 682 [25 A.L.R.2d 1451]; McClosky v. Martin, Fla. 1951, 56 So.2d 916. * * *"[4]
Based upon the foregoing authorities it is our opinion that the evidence adduced by plaintiff was wholly sufficient to create a jury question as to whether defendant's use of its property was reasonable under the circumstances. It would be for the jury to say whether defendant had done everything reasonably required of it to minimize the noise, noxious odors and vibration resulting from its operation of the mobile generating units maintained by it. It would be the jury's further prerogative to determine whether defendant's use of its property is unreasonable under the circumstances, and whether such use has resulted in injury or damage to plaintiff for which he is entitled to compensation. Since the verdict in this case was directed in favor of defendant at the conclusion of plaintiffs' evidence, defendant has not yet availed itself of the opportunity of showing that its use of its property is reasonable under all the circumstances, and that such use results in no unreasonable harm or injury to plaintiffs. Plaintiffs' evidence having made out a prima facie case of nuisance, the court erred in directing the verdict on which it based its final judgment.
In view of the necessity for retrial, there is one remaining point on appeal which merits discussion. During the presentation of their evidence, plaintiffs sought to introduce the testimony of two neighbors who own property in close proximity to plaintiffs, and which is located no closer than is plaintiffs' property to defendant's generating plant. Plaintiffs sought to establish by these witnesses the degree of noise, vibration and odors created by defendant's mobile units in corroboration of the testimony given by him. The trial judge excluded this testimony on the ground that such witnesses were not parties to the suit, and ruled that they could testify only as to what they had heard, felt or smelled while on plaintiffs' property. The court's exclusion of this evidence was error and on retrial should be admitted for the jury's consideration.
The judgment appealed is reversed and the cause remanded for a new trial.
Reversed.
CARROLL, DONALD K., C.J., and STURGIS, J., concur.
NOTES
[1] 1 Harper and James, The Law of Torts, p. 73.
[2] Cason v. Florida Power Company, 74 Fla. 1, 76 So. 535, L.R.A. 1918A, 1034.
[3] Beckman v. Marshall, (Fla. 1956) 85 So.2d 552.
[4] Barfield Instrument Corporation v. Sea View Industries, (Fla.App. 1958) 102 So.2d 740, 741.