ON REHEARING GRANTED
ORFINGER, Judge.
Appellee suggests that our reversal of the award of $4,000 for extraordinary attorney’s fees was based upon the erroneous *656 premise, as stated in the original opinion, that no evidence other than the affidavit of appellee’s attorney was submitted to the trial court. We did make that statement in the original opinion and we overlooked the order entered by the trial court which states that the court has considered the affidavit and the “. . . testimony of the expert witnesses in regard to a reasonable attorney’s fee presented by plaintiff and defendants . . . ”
It is made to appear that the testimony taken before the court was not reported, so no transcript of it appears in the record on appeal. Since evidence was presented to the trial judge and since his findings based on disputed evidence come to us with a presumption of correctness, when no transcript of the proceedings pertaining to the disputed issue is present in the record, the appellate court must presume that the trial court ruled correctly. McClosky v. Martin, 56 So.2d 916 (Fla. 1952); Hall v. Bass, 309 So.2d 250 (Fla. 4th DCA 1975).
We therefore recede from that portion of our original decision which reversed the award of $4,000 for extraordinary attorney’s fees, and we affirm the judgement below in its entirety.
AFFIRMED.
COBB and SHARP, JJ., concur.