## LIVINGSTON v PASSAFIUME, et al.
### Case No. MS-87-11275-RF
County Court, Palm Beach County
March 8, 1988

**APPEARANCES OF COUNSEL**

Plaintiffs appeared pro se.

Defendants appeared pro se.

**OPINION OF THE COURT**

ROBERT M. GROSS, County Judge.

This case came before the Court for nonjury trial on March 3, 1988. Both sides were present and the Court heard sworn testimony and reviewed documents and photographs introduced into evidence.

In March, 1987, Defendants removed a wood fence located on their property. During the removal process, Defendants' agent used a

frontloader which also uprooted cherry bushes situated on Plaintiffs' land. Portions of these bushes intertwined the fence slats and extended onto Defendants' property. The issue in this case is whether Plaintiffs can recover damages from Defendants to compensate them for the removal of the cherry bushes.

Because their respective properties are separated by a common boundary line, Plaintiffs and Defendants are classified as "adjoining landowners." The general rule applicable to adjoining landowners is an ancient one; every person is free to use his own property as he desires, so long as he uses it in a manner that does not injure the lawful rights of another. *Reaver v Martin Theaters of Florida, Inc.,* 52 So.2d 682, 683 (Fla. 1951). A tree or plant standing on the boundary line between adjoining land is the common property of adjoining landowners. 1 Fla. Jur. 2d "Adjoining Landowners" § 7 (1977).

> . . . Each owner of adjoining land may trim on his own side trees and plants standing on the boundary line, provided he does so without unreasonable injury to the interest of his neighbor, but he must not without permission trim on the side of his neighbor, or inflict unreasonable injury on, or destroy, the common property. Similarly, neither proprietor may compel the other to cut or destroy the common property. *Knepper v Slovak,* 31 Fla. Supp. 131, 133 (Palm Bch. Cir. Ct. 1968).

Since Defendants caused the removal of the cherry bushes, the burden is on them to establish by the greater weight of the evidence that Plaintiff Marvin Livingston gave them permission to remove *all* of the bushes. Defendants failed to meet this burden.

After the removal of the plants, the parties attempted to work out a settlement by having other plants substituted. However, disagreements arose and Plaintiffs rejected Defendants' offer to replant ficus bushes. These attempts at settlement did not give rise to a contract from which any legal duty arose. Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiffs, MARVIN D. LIVINGSTON and JANICE L. LIVINGSTON recover from Defendants, ROBERT JOHN PASSAFIUME and ROSANNE WATSON, the sum of $1,080.00 in principal with $216.30 as taxable costs, for which let execution issue, with interest at 12% per annum.

DONE AND ORDERED in West Palm Beach, Florida this 8th day of March, 1988.