MATTIE L. MERCER, suing by and through her husband, and next friend, J. H. MERCER, *Plaintiff in Error*, vs. IDA M. KEYNTON, a free dealer, *Defendant in Error*.

140 So. 796.

En Banc.

Opinion filed April 15, 1932.

*Twyman & McCarthy*, for Plaintiff in Error;
*Frank Smathers*, for Defendant in Error.

PER CURIAM.—This Court affirmed an order denying without prejudice a temporary injunction in a suit between the same parties seeking injunctive relief for an alleged violation of restrictive covenants asserted to be in the chain of title to the land here involved. Mercer v. Keynton, 99 Fla. 914, 127 So. 859. In disposing of that appeal on the record there presented, this Court said:

"In this case a temporary injunction was denied *without prejudice;* and in view of the delay of the complainants in bringing the suit until the construction of the building had progressed so far as to make it inequitable to grant an injunction unless a nui-

sance is developed, and in consideration of the available remedy by an action at law for damages to the complainants proximately resulting from a breach of the restrictive covenants that are binding on the defendants and not waived or abandoned, the order denying an injunction without prejudice to the legal or equitable rights of the complainants, is affirmed.''

The Court mainly on the ground of delay in bringing the suit, affirmed the order denying a temporary injunction but, did not adjudicate that the restrictive covenants referred to are binding on the defendant. It was merely stated that a breach of covenants that are binding on the defendant may be redressed at law according of course to the law of the former.

This action at law to recover damages for an alleged breach of the restrictive covenants resulted in a judgment for the defendant on demurrer the plaintiff declining to amend the declaration. Writ of error was taken by the plaintiff.

It appears by an agreement made a part of the record in this case, that in 1912, R. C. Gardner had contracted for the purchase of Lot 9 of Samuel Filer's Plat of Lots in section 30, township 53, south, range 42 east, being part of Government Lot 2 of the same section, the title to which Lot 9 it is alleged Gardner had a contract to purchase and did duly acquire, while William H. Vreeland, Thomas T. Wolfenden and John J. Hart, were the owners of Lot 8 according to the same plat. Such owners of the two lots entered into an agreement under seal providing among other things that:

''A survey shall lay off lots 8 and 9 into a private place for strictly high class residential purposes to be known as Bayonne Subdivision which said property when subdivided and platted shall extend from Biscayne Drive east to the waters of Biscayne Bay.''

''That no dwelling house shall be erected upon any lot facing North and South nearer than 35 feet to the front line of said lot and each house shall be built

in the center of the lot from East to West upon which same is situated.''

Among the subdivisions of the two Lots 8 and 9, are Lots 1 and 2 of Block 2 Bayonne Place or Bayonne Subdivision; which lots 1 and 2 of Block 2 apparently were subdivisions of Lot 9 owned by Gardner. Lot 2, Block 2 was in 1917 conveyed by R. C. Gardner to a predecessor in title of the plaintiff Mercer with the following restrictions:

"No more than one dwelling house shall be built on one lot, and no house shall be built for more than one family; each house shall be built in the center of the lot from east to west on which same is situated; no dwelling erected upon above described property shall cost less than $2,000.00 neither shall same be built nearer than thirty-five feet from the front of said lot; neither shall the premises herein and herein conveyed ever be used for any immoral or illegal purpose nor any nuisance permitted thereon."

It is alleged that the restrictions were in the deed to the plaintiff. In 1923, the defendant entered into an agreement with R. C. Gardner for the purchase of the north 155 feet of Lot 1 Block 2, which agreement contained the following covenant:

"The parties of the first part are to include in said deed above provided for no restrictions whatsoever except such restrictions as are set forth on the plat of Bayonne Subdivision as recorded in Plat Book 2, page 35, of the records of Dade County, Florida, and such restrictions as are contained in former deeds of conveyances covering the above described land."

The contract between Gardner and Vreeland and associates in which the covenant originally appears had reference to land owned by Vreeland and associates and to land which Gardner had contracted to buy and did buy from a third party. Vreeland and associates had no interest in the title to the Gardner tract and Gardner had no interest in the title to the land owned by Vreeland

and associates. The contract had reference to two tracts of land, each tract being owned or contracted for by the parties severally, and the contract did not expressly bind the heirs or assigns of either of the parties to the contract.

The defendant is not privy to the contract between Gardner and Vreeland and his associates, and such contract is not referred to in the contract between Gardner and the defendant under which title to the lot in controversy was conveyed to the defendant.

The contract made by Gardner with the defendant provided that the deed to the defendant should include no restrictions whatsoever except such restrictions as are set forth on the plat of Bayonne Subdivision as recorded, and such restrictions as are contained in former deeds of conveyance covering the land contracted to be conveyed by Gardner to the defendant. Restrictions contained in the plat and in "former deeds of conveyance covering the land" are not shown. The declaration alleges that the deed of conveyance made to the defendant did not include any restrictions.

In view of the above stated considerations the declaration does not state a cause of action at law against the defendant.

Affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.