Separate actions by the City of Pensacola, a municipal corporation, against the Baylen Street Wharf Company, a corporation, to foreclose tax liens for delinquent municipal taxes against certain lands owned by defendant wherein defendant counterclaimed, and by Baylen Street Wharf Company against the City of Pensacola, a municipal corporation, to enjoin defendant from maintaining and operating a certain storm sewer which was discharging refuse on certain lands owned by defendant. From an order striking the counterclaim of the Baylen Street Wharf Company in the first action and order dismissing its bill of complaint in the second, it brings certiorari.
Certiorari granted and order dismissing bill of complaint quashed with directions to reinstate bill and proceed accordingly.
In November 1946, the City of Pensacola filed its bill of complaint to foreclose tax liens for delinquent municipal taxes for the years 1943, 1944 and 1945 against certain lands owned by Baylen Street Wharf Company. An answer and a counterclaim were timely filed and the latter was stricken on motion of the complainant. In January 1948, Baylen Street Wharf Company filed its bill of complaint in which it prayed that the City of Pensacola be temporarily and permanently enjoined from maintaining and operating a certain storm sewer that was discharging silt, oil and refuse on the lands described in the tax foreclosure suit, that said storm sewer be removed from said lands of complainant and that an account of damages sustained by complainant be taken. A motion to dismiss the bill of complaint was granted.
We are confronted with an appeal by certiorari under Rule 34 of the Rules of this Court from both the order striking the counterclaim in the first suit, hereinafter referred to as the tax suit, and the order dismissing the bill of complaint in the second suit, hereinafter referred to as the injunction suit. The lower court in the injunction suit issued a stay order suspending further proceedings in the tax foreclosure suit, pending disposition of both appeals in the Supreme Court. It is admitted that identical lands give rise to both suits.
The first question presented is whether or not the prayer for affirmative relief tendered by the defendant in the answer to the bill to foreclose the tax lien should have been granted.
Both parties admit the general rule that a set off or counterclaim will not be permitted as a defense to a suit in rem to enforce the collection of taxes. This rule has been approved by courts of last resort throughout the country but like others it may have its exceptions. Circumstances may at any time give rise to new precedents. The relief prayed for in the answer of defendant to foreclose the tax liens is predicated on an alleged continuing trespass to defendant's lands which is continually reducing their value and if persisted in will eventually render them worthless for the purpose for which they were purchased.
The substance of the alleged trespass is that the city without authority constructed a storm sewer over the lands of defendant which continually discharges silt, refuse and oil thereon, that said lands are submerged and fit only for maritime purposes, that defendant owns a boat shed for the mooring of small vessels and a bulkhead adjacent to said lands to moor deep draft vessels, that the discharge from the storm sewer has filled in defendant's lands and injured them so as to destroy their usefulness for defendant's purpose, that defendant is the owner of a fishing business which has been operated since 1889, that the main value of the lands in question is determined by its use for landing its fishing crafts, that it is constantly being rendered more worthless for this purpose and cannot economically be rendered suitable for any other purpose, that the injury is continuing, that defendant is without an adequate remedy at law and that any attempt to compensate defendant in damages would be inadequate. *Page 68 
We think these and other allegations of the counterclaim, if proven, are sufficient to give petitioner relief. In this holding we do not mean to displace the rule that set off or counterclaim may not be offered as a defense to a suit to foreclose a tax lien. We do hold however, that a municipality cannot set in motion an agency that continually destroys one's property for any use and at the same time insist on the payment of taxes thereon. It may be that the city should be permitted to condemn the lands in question as was done in State Road Department v. Tharp,146 Fla. 745, 1 So.2d 868, or the court may find it better to assess the damages and decree their payment. It may be that the practical thing to do would be to extend the sewer line so that the refuse complained of be deposited where it will not damage complainant's lands. It may be that they have a taxable value or that some other possibility may be revealed when the evidence is taken.
The only other question necessary for us to consider is whether or not the chancellor having assumed jurisdiction to restrain the use of the pipe line may enter a decree for the damages sustained.
The rule is well settled in this jurisdiction that where equity assumes jurisdiction to grant an injunction, to restrain waste or for other reasons, as an incident to such relief, it may award damages and may make other decrees essential to do complete justice between the parties. Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473; State Road Department v. Bender, 147 Fla. 15, 2 So.2d 298. This is particularly true when, as alleged here, a multiplicity of suits will be avoided and the entire matter may be disposed of in one suit.
In the suit for injunction the allegations in the bill of complaint are not materially different from the allegations in the counterclaim. The bill of complaint contains allegations as to ownership, decrease in value of the lands because of the silt deposits and loss in rental value, not contained in the counterclaim. We have not overlooked the City's contention with reference to lachs, violations of Section 8, Article IX of the Constitution, F.S.A., including delay and hindrance to the execution of its program.
We have given due consideration to these contentions, but we have not overlooked the fundamental fact that under our constitution and form of society, the individual has some rights that must be respected and the City cannot persist in disregarding these rights by the destruction of his property for any purpose and at the same time insist that it be taxed to support the government which persists in the destruction. This is all the more true in a case like this when it is alleged that the lands are submerged and their value consists in keeping the waters over them navigable. We do not hold that the City is required to remove its sewer line but we do hold that petitioner has made out a case for equitable relief, the nature of which has to be determined by the evidence.
It is not amiss to point out that the lands in question are not such as can ordinarily be acquired through barter and sale. They are the property of the public for boating and fishing but may, under the law, be acquired by filling in or improving as was done here. They then become subject to taxation, but if the attribute which makes them taxable is removed or destroyed they revert to their former state and there is no theory under which they are taxable. Water bottoms rendered worthless to the claimant are not taxable.
It follows that certiorari is granted and the order dismissing the bill of complaint is quashed with directions to reinstate the bill and proceed accordingly.
It is so ordered.
ADAMS, C.J., CHAPMAN, J., and BROWN, Associate Justice, concur. *Page 69