52 So.2d 645 (1951)
BURNETT et al.
v.
RUSHTON et ux.
Supreme Court of Florida, Special Division B.
May 15, 1951.
Laura H. Hyde, Jacksonville, for appellants.
Bedell & Bedell, Jacksonville, for appellees and cross-appellants.
ADAMS, Justice.
We have for review on this appeal a decree in equity enjoining a private nuisance and awarding $500 damages.
The special master took testimony and reported that appellant, Connie W. Burnett, had wilfully committed certain acts; that she had, while living adjacent to appellee, operated her lawn mower in an unnecessarily noisy manner at an early hour of the morning in close proximity to appellee's bedroom with the purpose of annoying him and his family; that she had over a long period of time, at various times of day and night, operated her radio in a loud tone; that she annoyed appellee by causing an electric light to be focused upon his residence at all times of night; that she purposely incited her dog to bark boisterously and annoy appellee; that she engaged in obscene gestures directed to appellee's family and committed other and various acts with the deliberate purpose of harassing appellee and his family.
The special master recommended an injunction but declined to recommend damages as prayed because he was not satisfied that any had been proven.
*646 The chancellor granted the injunction and also awarded damages of $500 against Connie W. Burnett and her husband.
The first question suggests that appellee had an adequate remedy at law and the bill was without equity.
This court has already answered this question in the negative. See Mercer v. Keynton, 121 Fla. 87, 163 So. 411, and cases therein cited.
The record discloses a deliberate course of conduct carried on more than three years, heaping abuse and insult upon appellee and his family. To relegate appellant to the criminal and law courts would not suffice. People who will not exercise due regard for their neighbor must be amenable to the restraint of law and equity. An appeal to the law court for damages to redress the manifold annoyances and hurt feelings would be wholly inadequate.
Some point is made that Mrs. Burnett was not mentally well and, therefore, was not responsible for her conduct. Persons are responsible for their wrongful acts where they possess sufficient capacity to distinguish between right and wrong and comprehend the nature and effect of their action. Stanton v. State, 148 Fla. 732, 5 So.2d 4. The victim of a nuisance may have it abated regardless of the intent of the offending party. 66 C.J.S., Nuisances, § 10, p. 750.
The next question relates to the award of damages against Mrs. Burnett and her husband. Appellant claims the chancellor erred in overruling the special master whereas appellee cross assigns error and claims the award was inadequate.
We have no difficulty in holding the husband liable in this instance. The general rule establishing liability against the husband for his wife's torts finds additional support in this case because the husband acquiesced in and condoned the conduct of his wife. Harmon v. Harmon, Fla., 40 So.2d 209, cited by appellant is inapplicable because there appears in this case unquestioned evidence of damages. This intolerable condition existed over three years, causing appellee to make alteration in his house at considerable expense. We, therefore, find no error in the award.
As to the challenge of its inadequacy we are unable to say that from the whole record the chancellor clearly erred and we will not reverse the decree simply to increase the award.
The other questions relate to the admission or rejection of evidence. Considering the entire record, we find no error which resulted in a miscarriage of justice and the decree is 
Affirmed.
TERRELL, Acting C.J., and CHAPMAN and ROBERTS, JJ., concur.