PEARSON, Judge.
The defendant appeals a final money judgment entered against him after the partial denial of the principal equitable relief prayed.
The appellant and the appellees are adjoining property owners. The appellant maintained a row of tall trees near the ap-pellees’ property. During a tropical storm two of defendant’s trees were blown upon appellees’ house. Appellees brought their complaint in equity praying that the appellant be required to: (1) remove the trees from the house; (2) top other trees to avoid a recurrence; and (3) remove roots which had grown under appellees’ house. A temporary injunction was entered requiring that the trees be topped to a reasonable height. The chancellor authorized appellees to remove the trees and roots from their property, and to assert *319 their damages therefor m this cause. We presume that the mandate of this injunction was obeyed because the record does not show otherwise.
Upon the hearing on appellant’s motion to dismiss the complaint, the court sustained the motion but allowed amendment. The amended complaint contained the same prayers as before and included demand for damages for the expense of removing the branches and roots. The chancellor denied a motion to dismiss directed to the amended complaint, and the appellant answered and counterclaimed. The substance of the counterclaim is not revealed by the record. After final hearing, the chancellor entered the money judgment which is appealed.
 The appellant urges that the court of equity lacked jurisdiction to enter the money judgment. It is apparent from the statement of facts that the court in this case did grant equitable relief and that monetary damages were not the sole relief prayed. It is well established that equity may retain jurisdiction to grant monetary damages as incidental relief. Baylen Street Wharf Co. v. City of Pensacola, Fla.1949, 39 So.2d 66. In addition, there is no showing in this record that the appellant moved to transfer the cause to the law side at any stage of the proceedings.
Appellant’s second point challenges the sufficiency of the complaint. It is urged that a court of equity has no jurisdiction to restrain a lawful use of property. In Mercer v. Keynton, 121 Fla. 87, 163 So. 411 (1935), the Supreme Court held that “[a]n owner or occupant of property must use it in a way that will not be a nuisance to other owners and occupants in the same community.” It was further held that where an owner uses his property in such a way that it renders the ordinary use of neighboring property uncomfortable, the nuisance may be restrained. From the record before us, it is apparent that the chancellor found that the peculiar facts of the situation before him constituted the maintenance of a nuisance by the appellant. The complaint alleged sufficient facts to constitute the prima facie case for such a cause of action.
 Appellant’s third point urges that since the damage to appellees’ property was the result of a tropical storm, he should not have been held to account for the damage because a tropical storm is so unusual as to constitute an act of God. The fact that the damage was a result of a tropical storm is not an absolute defense. Where a force of nature combines with a condition created by the defendant’s negligence and produces injury, the defendant may be liable. Cf., Davis v. Ivey, 93 Fla. 387, 112 So. 264, 271 (1927). Paraphrasing a quotation from the case just cited, we note that it is within the knowledge of all who have long resided in this area that we are occasionally subjected to winds of hurricane force, and that these winds have a tendency to topple trees, break limbs, and send unsecured objects flying about. These storms are not beyond reasonable anticipation.
Affirmed.