231 So.2d 257 (1970)
Dorothy R. ROGERS, On Behalf of Herself and All Other Taxpayers, Registered Voters and Freeholders of the City of Miami Springs, Similarly Situated, Appellants,
v.
CITY OF MIAMI SPRINGS, Florida, Appellee.
No. 69-547.
District Court of Appeal of Florida. Third District.
February 3, 1970.
Rehearing Denied March 4, 1970.
*258 Foley & Thomson, Miami, for appellants.
Richard H.W. Maloy, Coral Gables, for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
This is an appeal by the plaintiff below from an adverse judgment in a suit filed by plaintiff as a taxpayer, for herself and all others similarly situated, seeking to enjoin the defendant city from using certain property as a public park-playground and from installing floodlights for playground recreational activities thereon after dark.
In 1957, the city acquired a block, consisting of 31 lots, located in an area of the city zoned for single family residences. *259 During the past decade the city has maintained and operated the block as a public recreational area. It has been so used for baseball and other games and play activities by the public, including, in recent years, some such use thereof during early evening hours.
The plaintiff challenged the city's right to use the block for park or recreational purposes because there had been no formal proceedings for change of the zoning thereof. Plaintiff also sought to enjoin the then proposed installation of floodlights which were planned to permit use of the park area for games in the evenings to 10:00 o'clock P.M.; plaintiff contending that such lights and the noise and crowd attraction which would result from activities in connection therewith in the evening hours would constitute a nuisance. On consideration of the record and briefs we find no reversible error and affirm the judgment entered for the defendant.
We find no error in the ruling of the trial court rejecting the plaintiff's challenge as to the zoning status of the park property. The official zoning map of the city shows the block to be zoned as public property. That circumstance is aided by the presumption, recognized in law, that public officials properly perform their duties. Moreover, it was not shown by a preponderance of the evidence that the city had failed to rezone the block in a regular or legal manner.
It appears that prior to the city's determination to install the floodlights, the question of whether they should be so installed was voted upon by the electors of the city, who approved it by a majority vote. We reject as without merit, as did the trial court, the appellant's contention that the use of the lights should be enjoined because of a claimed irregularity in the holding of said election. There was no legal requirement for the holding of such election as a condition of installing lights in the park. Therefore, it was in the nature of a straw vote, and served as advisory matter, in the manner in which legislators advise themselves through investigative hearings prior to determining upon legislation.
As held in Woodford v. City of St. Petersburg, Fla. 1955, 84 So.2d 25, in the maintenance and operation of playgrounds and recreational areas a city acts in a proprietary, as distinguished from a governmental capacity, and when so acting is chargeable with the same duties and obligations with reference to its property so utilized as those which are imposed upon a private property owner.
It is a settled rule that a property owner may put his property to any reasonable and lawful use, so long as he does not thereby deprive an adjoining landowner of any right of enjoyment of his property which is recognized and protected by law, and so long as his own use is not such as the law will pronounce a nuisance. Reaver v. Martin Theatres of Florida, Fla. 1951, 52 So.2d 682, 25 A.L.R.2d 1451; 23 Fla.Jur., Nuisance, § 12, pp. 502-503. "Anything which annoys or disturbs one in the free use, possession, or enjoyment of his property or which renders its ordinary use or occupation physically uncomfortable may become a nuisance and may be restrained." Mercer v. Keynton, 121 Fla. 87, 163 So. 411, 413-414. See also, Knowles v. Central Allapattae Properties, Inc., 145 Fla. 123, 198 So. 819, 822; Ferreira v. D'Asaro, Fla.App. 1963, 152 So.2d 736, 737.
The trial court's judgment for the defendant was made "with prejudice." However, it should not operate to prevent the plaintiff or others similarly situated, within the range affected, to seek relief in the trial court in the future, in this cause or by separate suit, to restrain, modify or regulate the floodlights, or the manner of the use of the park area in connection therewith, in the event said lights, from lack of proper shields or otherwise, are so used as to be a nuisance in fact, or if the use of the floodlights results in the property being so operated as to cause annoyances *260 and inconveniences to the plaintiff or other nearby property owners, which are unreasonable for such activities and therefore may be found to constitute a nuisance under the applicable law. Accordingly, the judgment is modified to eliminate the term "with prejudice," and as so modified is affirmed.