McNULTY, Judge.
The Murphys and O’Briens are next door neighbors in an exclusive waterfront development. Gale J. Apple, Inc., the Murphys’ immediate predecessor in title, obtained a required permit to construct a dock on the Murphy property, which dock the O’Briens contend (and contended in their objections before the issuing authority) is in violation of a restrictive covenant limiting the riparian use of their respective properties. The dock was built notwithstanding, and this suit followed in which the O’Briens seek injunctive relief for removal of the dock and for interim damages.
A non-jury trial was held, after which the trial court “dismissed, with prejudice” the O’Briens’ suit for the reason that:
“ * * * the restrictive covenants as revised constituted an attempt by the property owners to determine rights which only the sovereign and its duly constituted officials in Pinellas County could determine and therefore said restrictive covenants as revised [are] invalid concerning provisions for the erection of docks or the limitation of the same. * * * ”
We reverse.
Obviously, the gravamen of the trial court’s ruling is that, because riparian use of the lands in question is subject to regulation and restriction by the sovereign, individual parties cannot, by contract, restrict themselves in such use. We cannot agree. While a rule of pre-emption may be sound insofar as it precludes private contractual restriction of public use of waterfront, we know of no rule, or basis therefor, which precludes private contracts that limit riparian use by the parties thereto themselves or their successors in title. They cannot, of course, enlarge their rights of use, as such rights may be proscribed by the sovereign, but they may more restrictively limit these rights as between themselves so long as such limitations are not otherwise in derogation of the public’s right of use.[1] We see a clear analogy here to a case wherein a zoning restriction is further restricted by private covenant. Such private restrictions have been held enforceable as between the parties to the covenant notwithstanding the more liberal zoning restriction.[2]
We hold, therefore, that riparian uses may be limited by restrictive covenants running with the land; provided, however, that such covenants do not enlarge the rights of use of the parties bound thereby in derogation of the public’s right of use, or as may be proscribed by the sovereign.
Now there is nothing in the evidence in this case from which it can be found that the foregoing proviso would be applicable. Moreover, we point out that in the order dismissing this case the trial court did not make a factual determination of whether the dock in question is indeed in violation of the restrictive covenant involved. Ac *719 cordingly, the cause must be remanded for further proceedings not inconsistent with our holding herein.
This being necessary, we comment on a point which relates to the appropriateness, in an injunction suit, of money damages flowing from a violation of a restrictive covenant. The experienced and very able trial judge indicated some doubt that such damages were recoverable in such a suit, although he found no necessity to finally decide the question as he dismissed the suit on other grounds as we’ve noted. We are certain, however, that had he arrived at the point where he was squarely faced with deciding the issue he would have ultimately, and properly, ruled that such damages are appropriate and may be recoverable in this action, if proved.[3]
Reversed and remanded.
PIERCE, C. J., and HOBSON, J., concur.

. See, Silver Blue Lake Apartments, Inc. v. Silver Blue Lake Home Owners Association (Fla.1971), 245 So.2d 609, 612.

. See, Vetzel v. Brown (Fla.1956), 86 So.2d 138.

. See e. g., Balyen Street Wharf Co. v. City of Pensacola (Fla.1949), 39 So.2d 66.