STATE OF CONNECTICUT *v.* BARBARA OLSON
(4485)

BORDEN, DALY and BIELUCH, Js.

Argued June 10—decision released July 22, 1986

*Rachel Lee Cavell,* for the appellant (defendant).

*Barbara Farrell,* legal intern, with whom was *James G. Clark,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of her conviction[1] by the trial court of owning dogs which by their excessive barking caused a nuisance and were a source of annoyance to a sick person residing in the immediate vicinity, in violation of General Statutes § 22-363.[2] The defendant claims on appeal (1) that the trial court misconstrued the statute, and (2) that there was insufficient evidence to support the conviction.

When reviewing the judgment of a trial court, our standard of review is the same whether the trier of fact is a judge, a panel of judges or a jury. *State* v. *D'Antuono,* 186 Conn. 414, 421, 441 A.2d 846 (1982). "When a verdict is challenged because of insufficient evidence, the issue is whether the [trier] could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt." *State* v. *Carter,* 196 Conn. 36, 44, 490 A.2d 1000 (1985), quoting *State* v. *Nemeth,* 182 Conn. 403, 410, 438 A.2d 120 (1980).

---

[1] The trial court found that the defendant committed a violation of General Statutes § 22-363 but, being the defendant's first offense, considered it an infraction. The court ordered a sentence of unconditional discharge.

[2] General Statutes § 22-363 provides: "No person shall own or harbor a dog or dogs which is or are a nuisance by reason of vicious disposition or excessive barking or other disturbance, or by such barking or other disturbance, is or, are a source of annoyance to any sick person residing in the immediate vicinity. Violation of any provision of this section shall be an infraction for the first offense and such person shall be fined not more than one hundred dollars or imprisoned not more than thirty days or both for each subsequent offense and the court or judge may make such order concerning the restraint or disposal of such dog or dogs as may be deemed necessary."

Our review of the record and briefs establishes that the challenged facts; namely, that the complainant was a sick person residing in the immediate area who suffered from migraine headaches, and who was subjected to annoyance from the excessive barking by the defendant's seven dogs; are supported by the evidence and justify the conviction. The court's conclusions based on those facts are legally and logically correct. From the cumulative effect of this evidence, together with reasonable inferences, the trial court could reasonably have concluded beyond a reasonable doubt that the defendant was guilty of violating General Statutes § 22-363.

There is no error.