Raymond and Joan Young filed this nuisance action, alleging that Mabel Brewton and Lillian Madison had a large number of dogs on their property, and that the barking and smell associated with the dogs prevented the Youngs from the enjoyment of their property. The trial Court entered a judgment enjoining Brewton and Madison from having more than five dogs on their property at one time. Brewton and Madison appeal. We affirm.
The evidence in this case was presented ore tenus; therefore, our standard of review is as follows:
 "Under the 'ore tenus rule,' a presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987); McCrary v. Butler, 540 So.2d 736 (Ala. 1989). The trial court's judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala. 1985)."
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13
(Ala. 1989). The record is replete with testimony of neighbors of Brewton and Madison, who testified that the enjoyment of their homes was significantly impaired by the presence of at least *Page 578 
50 dogs on their property and that the barking was constant and the smell unbearable on warm days. In addition, the neighbors expressed concern as to the viciousness of some of the dogs and many of the neighbors said that they would not allow their children to walk by Brewton and Madison's property for fear that they would be bitten.
The trial court found that the dogs constituted a nuisance and enjoined Brewton and Madison from maintaining more than five dogs at their residence. In light of the evidence presented in the record, we do not consider the judgment of the trial court to be plainly and palpably wrong. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.