690 So.2d 1341 (1997)
Martha RAE a/k/a Mrs. Ian Nicholas Rae, Appellant,
v.
John F. FLYNN, M.D., Appellee.
Nos. 96-1705, 96-1704.
District Court of Appeal of Florida, Third District.
March 19, 1997.
Lesperance & Lesperance, and Richard M. Gale, Miami, for appellant.
Randolph W. Sadtler, Tavernier, for appellee.
Before SCHWARTZ, C.J., and GERSTEN, and GREEN, JJ.
GERSTEN, Judge.
Appellant, Martha Rae ("Rae"), appeals both an order denying her an injunction for protection against repeat violence, and also an order granting her neighbor, appellee, John Flynn, M.D. ("Flynn"), a permanent injunction against repeat violence and prohibiting Rae from housing pets outdoors. We affirm.
This case presents the classic example of escalating neighbor hostilities which could have been avoided through common courtesy, and respect for the peace, quiet, and normal enjoyment to which every property owner is *1342 entitled in the use of his or her home. It is unfortunate for both parties as well as the neighborhood and community in general, that instead of attempting to reach an amicable solution to her neighbor's valid complaint regarding a dog nuisance, appellant Rae chose to retaliate. Such actions were properly not condoned by the trial court.
To briefly review the relevant facts, Flynn complained that Rae's dogs were running at large and barking. Rae was thereafter found in violation of Monroe County Code 3-7 for permitting an animal to be a nuisance or run at large. In response, Rae built a 10 foot by 20 foot dog kennel on the common property line between the Rae and Flynn properties. The offensive barking became worse.
Flynn then filed a formal complaint with Monroe County Animal Control and was advised to take photographs and obtain other testimony as corroborating evidence. Flynn took photographs and tape recordings of the nuisance caused by the dogs in the kennel.
Hostilities between the neighbors increased. On May 28, 1996, Flynn filed a petition for injunction for protection against repeat violence seeking to enjoin Rae "from committing any further acts of repeat violence." The petition alleged that Rae was out of control, appeared physically violent, was responsible for slanderous graffiti on the common wall between the residences, and threatened to drive the Flynns out, play loud music, and walk around naked. Rae also threatened that if Flynn came on her property, she would treat him like a burglar and defend herself. At the conclusion of the hearing on Flynn's petition, the parties stipulated to the entry of a permanent injunction against violence.
However, instead of applying the commonsense doctrine of "live and let live," Rae apparently decided to adopt the "live and let's get even" approach. On June 5, 1996, she filed a retaliatory petition for injunction against repeat violence claiming that Flynn was harassing her family, and trespassed on their property.
After a full evidentiary hearing, the trial court denied the injunction, finding the allegations were not supported by sufficient evidence. The trial court then modified the previous injunction in favor of Flynn, to prohibit Rae from housing any pets outside her property. Having now adopted the "live and let's drag this thing through court forever" doctrine, Rae appeals the injunction order and the order denying her motion for injunctive relief.
A residential property owner has a duty not to unreasonably interfere with other persons' use and enjoyment of their property. Reaver v. Martin Theatres of Florida, Inc., 52 So.2d 682 (Fla.1951); Rogers v. City of Miami Springs, 231 So.2d 257 (Fla. 3d DCA), cert. denied, (Fla.1970). As recognized by the Supreme Court of Florida:
An owner or occupant of property must use it in a way that will not be a nuisance to other owners and occupants in the same community. Anything which annoys or disturbs one in the free use, possession, or enjoyment of his property or which renders its ordinary use or occupation physically uncomfortable may become a nuisance and may be restrained.
Knowles v. Central Allapattae Properties, Inc., 145 Fla. 123, 130, 198 So. 819, 822 (1940) (quoting Mercer v. Keynton, 121 Fla. 87, 163 So. 411, 413 (1935)). The idea behind the law of nuisance, as expressed in the maxim "Sic utere tuo ut alienum non laedas," is that every person has the right to the free use of property so long as the rights of another are not injured. See Pierce v. Riggs, 149 Vt. 136, 540 A.2d 655 (1987); Baum v. Coronado Condominium Association, Inc., 376 So.2d 914 (Fla. 3d DCA 1979) (citing Reaver v. Martin Theatres of Florida, Inc., 52 So.2d at 683).[1]
*1343 Applying these general principle to barking dogs, several courts have held that excessive dog barking which interferes with a neighboring property owner's right to enjoy the use of his or her home constitutes an enjoinable nuisance. See Brewton v. Young, 596 So.2d 577 (Ala.1992) (noise and odor of dogs that interfered with neighbors' enjoyment of their homes enjoined as private nuisance); Connecticut v. Olson, 8 Conn.App. 188, 511 A.2d 379 (1986) (recognizing dogs that bark excessively as a nuisance); Burnett v. Rushton, 52 So.2d 645 (Fla.1951) (purposefully inciting dog to bark boisterously constitutes private nuisance); Allen v. Paulk, 188 So.2d 708 (La.Ct.App.1966) (early morning barking dog classified as nuisance; plaintiff entitled to injunction where defendant could prevent dog's barking by keeping it in his house).
Although there is no exact rule or formula for ascertaining when barking dogs rise to the level of a nuisance, relief will be granted where plaintiffs show they are substantially and unreasonably disturbed notwithstanding proof that others living in the vicinity are not annoyed. See Davoust v. Mitchell, 146 Ind.App. 536, 257 N.E.2d 332 (1970); City of Fredericktown v. Osborn, 429 S.W.2d 17 (Mo.Ct.App.1968). Moreover, in these types of cases "[e]ven meager or uncorroborated evidence will support the chancellor's findings if the evidence is of record and properly before the court." Hopkins v. Stepler, 315 Pa.Super. 372, 461 A.2d 1327 (1983).
Here the trial court found Rae to be maintaining nuisance dogs in violation of the Monroe County Code,[2] and that Rae's behavior and threats were a retaliatory response to Flynn's legitimate complaint about the barking dogs. These findings are clearly supported by the record.
Under Section 784.046(7)(b), a trial court has broad authority in addition to enjoining acts of violence to also "order such other relief as the court deems necessary for the protection of the petitioner ...." § 784.046(7)(b), Fla.Stat. (1997). In modifying the Flynn injunction, the trial court properly exercised its statutory authority to stop the hostilities by solving the cause of the tensions which was the barking dog problem.
The restrictions imposed on Rae are within the authority of the trial court and are not overbroad. The injunction still permits Rae to maintain her dogs, but requires that she do so in such a manner so as not to disturb Flynn's right to peacefully enjoy his property. Accordingly, because the trial court correctly exercised judicial restraint in crafting a remedy to accomplish the reduction of neighborhood hostilities by the least restrictive means, we affirm the order below.
Finally, we note that Rae would not be the subject of a mandatory injunction and this case would not be before us now, had Rae simply respected her neighbor's legitimate complaint. Neighbors should reasonably resolve their differences without having to abuse the court system.
Affirmed.
SCHWARTZ, C.J., concurs.
GREEN, J., concurs in results only.
NOTES
[1] This court has further noted: "That mere noise may be so great at certain times and under certain circumstances as to amount to an actionable nuisance and entitle the party subjected to it to the preventive remedy of the court of equity is thoroughly established. The reason why a certain amount of noise is or may be a nuisance is that it is not only disagreeable but it also wears upon the nervous system and produces that feeling which we call `tired.' That the subjection of a human being to a continued hearing of loud noises tends to shorten life, I think, is beyond all doubt. Another reason is that mankind needs both rest and sleep, and noise tends to prevent both." Baum v. Coronado Condominium Association, Inc., 376 So.2d at 916 (citing Bartlett v. Moats, 120 Fla. 61, 162 So. 477, 479 (1935)).
[2] Rae was found in violation of Section 3-7(3) of the Monroe County Code which states: "It is unlawful for any animal owner or keeper to permit, either willfully or negligently, the animal to be a nuisance." Section 3-8 of the Monroe County Code provides that "when the court adjudges an animal to be a nuisance the animals may be removed and/or seized by the [Animal Control] Department."