PER CURIAM.
William Rudge, IV appeals the trial court’s non-final Order Modifying and Restating Temporary Injunction dated August 24, 2010. The order arose from the City of Stuart’s attempts to gain entry and access to appellant’s property to abate a public nuisance and clean up the property after appellant failed to comply with the Code Enforcement Magistrate’s Order and subsequently refused to allow the City access to this property. We affirm.
On December 11, 2009, the circuit court entered an order granting the City an ex parte temporary injunction, which allowed the City to enter upon appellant’s property to abate a nuisance which existed due to code enforcement violations and prohibited appellant from preventing entry upon the property. Subsequently, the City returned to court for modification of the original temporary injunction due to additional and continuing problems with appellant’s compliance with the original Code Enforcement Magistrate’s Order Finding Violation dated April 9, 2009. In entering the original ex parte temporary injunction and subsequently modifying it, the trial court made the requisite findings: (1) that the City would likely succeed on the merits, and (2) that the public’s interest in the health, safety, and welfare of the community would be protected and served by entering injunctive relief.[1]
Based on the facts presented in the Verified Motion for Injunctive Relief, the evidence submitted at evidentiary hearings held in conjunction with the City’s subsequent Motions to Modify the Temporary Injunction, and the findings made by the court to support the original temporary injunction and subsequent orders modifying the temporary injunction, and given developments that occurred during the pendency of this action, we find no abuse of discretion in the trial court’s entry of the Order Modifying Temporary Injunction dated August 25, 2010.
We reject appellant’s position that because the magistrate assessed a $100 per day fine for violations until he com *647 plied with the city ordinances, the City was not irreparably harmed. The City was not foreclosed from obtaining injunctive relief simply because monetary civil infraction fines for code enforcement violations were also available to the City. See Baylen St. Wharf Co. v. City of Pensacola, 39 So.2d 66, 68 (Fla.1949) (“The rule is well settled ... that where equity assumes jurisdiction to grant an injunction, to restrain waste or for other reasons, as an incident to such relief, it may award damages and may make other decrees essential to do complete justice between the parties.”). Here, the trial court made a specific finding that the City would be irreparably harmed if the injunction was not entered in both the original ex parte order granting temporary injunction and each subsequent order modifying the temporary order. Specifically, the court stated in its orders that “the CITY has no other legal remedy and it will be irreparably harmed if a temporary injunction is not entered allowing it immediate access to the Property to carry out and enforce its lawful police power to abate a public nuisance and clean up the Property owned by Rudge.”
The City had a clear legal right to enforce its nuisance abatement ordinance as well as to seek compliance with the Magistrate’s Order Finding Order Violation. See Keystone Creations, Inc. v. City of Delray Beach, 890 So.2d 1119, 1124 (Fla. 4th DCA 2004). Further, although the trial court made a finding of irreparable harm, such was unnecessary because “where the government seeks an injunction in order to enforce its police power, any alternative legal remedy is ignored and irreparable harm is presumed.” Id. (citing Metro. Dade Cnty. v. O’Brien, 660 So.2d 364, 365 (Fla. 3d DCA 1995)).

Affirmed.

STEVENSON, TAYLOR and GERBER, JJ., concur.

. We note that appellant did not appeal the original Order Granting an Ex Parte Temporary Injunction dated December 11, 2009, or the Order Modifying Temporary Injunction dated March 5, 2010.